IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MARY KITTS,

                Plaintiff,

  v.                                          Civil Action No.
                                                5:15-CV-0697 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

<u>APPEARANCES</u>:                <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>

DOLSON LAW OFFICE        STEVEN R. DOLSON, ESQ.
126 North Street
Suite 3B
Syracuse, NY 13202

<u>FOR DEFENDANT</u>

HON. RICHARD S. HARTUNIAN    HEETANO SHAMSOONDAR, ESQ.
United States Attorney for the    Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on July 12, 2016, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination, and with a directive that the case be reassigned to a different administrative law judge.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: July 15, 2016
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------x
MARY KITTS,

                    Plaintiff,

vs.                                  15-CV-697

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------x
```

*Decision – July 12, 2016*

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES,

United States Magistrate-Judge, Presiding.


A P P E A R A N C E S (by telephone)

For Plaintiff:    STEVEN R. DOLSON
                  Attorney at Law
                  126 North Salina Street
                  Syracuse, New York 13202

For Defendant:    SOCIAL SECURITY ADMINISTRATION
                  Office of General Counsel
                  26 Federal Plaza
                  New York, New York 10278
                    BY:  HEETANO SHAMSOONDAR, ESQ.

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1       THE COURT: I have before me a request for judicial
2  review of an adverse determination pursuant to 42, United
3  States Code, Sections 405(g) and 1383(c)(3).
4       By way of background, the plaintiff was born in
5  September of 1963, is currently 52 years old. She lives in
6  Syracuse with her husband. She does not drive. She injured
7  her knee, and the record is somewhat equivocal as to whether
8  it occurred in 1998 or 1999. In any event, the knee became
9  symptomatic again in or about July of 2007.
10      Plaintiff underwent arthroscopic surgery by
11 Dr. Seth Greenky on December 1, 2008. There is a diagnosis
12 from Dr. Greenky from December 7, 2009 of complex pain
13 syndrome and chondromalacia of the patella. There is also
14 mention by Dr. Greenky in September of 2011 of chronic
15 regional pain syndrome. That's at 790.
16      Post surgery, at least initially, it was noted that
17 she returned to her pre-operation range of motion but she
18 experienced ongoing pain. She uses a cane to ambulate.
19 That's reflected at several places, including 792. She has
20 in the past reportedly been using a stationary bike and
21 exercising. That's at page 796.
22      The plaintiff receives treatment for pain from the
23 New York Spine and Wellness Center where she attends every
24 three months and sees either Dr. Tallarico and/or Nurse
25 Practitioner Landcastle. Among the treatment regimens that

1 have been attempted are nerve blocks, opioid analgesics,
2 including oxycontin and oxycodone, Percocet, and a TENS unit,
3 as well as a spinal cord stimulator on a trial basis.
4 Physical therapy is also tried.
5     Plaintiff testifies she's in constant pain.  She
6 wears a brace.  And as I just indicated, uses a cane to
7 ambulate.  Her prior work includes at a convenient store as a
8 clerk, cashier and assistant manager, Family Dollar Store
9 where she was a cashier, and A@E Transport where she was a
10 bus monitor for special education children.  As hobbies
11 plaintiff completes puzzles, reads books and watches
12 television.
13     The procedural history is that the plaintiff
14 applied for Title II and Title XVI benefits on August 30,
15 2010, alleging an onset date of July 1, 2007.  A hearing was
16 conducted by Administrative Law Judge John P. Ramos on
17 September 2, 2011.  Judge Ramos issued a decision on
18 November 25, 2011 that was unfavorable to the plaintiff.  The
19 Social Security Administration Appeals Council reversed that
20 determination, however, on January 2, 2013 and remanded the
21 matter.
22     A subsequent hearing was conducted on June 25,
23 2013, at which plaintiff testified, as did a vocational
24 expert.  On August 13, 2013 ALJ Ramos issued a second
25 decision also finding the plaintiff was not disabled at the

relevant times. The Appeals Council denied review on May 22, 2015, making that determination the final determination of the Agency.

In his decision Judge Ramos applied the familiar five-step sequential test for determining disability. At step two, after finding that the plaintiff had not engaged in substantial gainful activity, Judge Ramos concluded that plaintiff suffers from right knee degenerative joint disease as a severe impairment, but concluded at step three, considering listing 1.02(A), that her condition did not meet or medically equal the listed presumptively disabling conditions that are set forth in the regulations.

After surveying the medical evidence, ALJ Ramos determined the plaintiff has the residual functional capacity to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, to stand and/or walk for a total of two hours and sit for a total of six hours in an eight-hour workday. Also concluding she should avoid work requiring the climbing of ladders, scaffold, et cetera. Also noted she requires the use of a cane for all ambulation but retains the ability to carry small objects, such as files, in her free hand. She may also need to elevate her leg up to five times throughout the day for periods up to twenty minutes at a time. The Administrative Law Judge then concluded that plaintiff is unable with that RFC to perform any of her past

relevant work due to the exertional requirements of those positions.

At step five, with the assistance of a vocational expert, the Administrative Law Judge concluded that plaintiff is able to perform work that is available in the national economy, including as a charge account clerk, an order clerk, and an addresser. Therefore, found that she is not disabled.

As you know, the standard that I must apply is extremely deferential. I must determine whether correct legal principles were applied and the determination is supported by substantial evidence.

In terms of treating source, I recognize that there is case law, as Mr. Dolson alluded to, that suggests that although the regulations set out a very specific set of factors that must be determined, if a treating source is not given controlling weight for his or her opinions, that will allow me judicial review as to what weight is being given to that determination or that opinion. And the Second Circuit reiterated in *Greek versus Colvin*, 802 F.3d 370, from September 21, 2015, that the decision should lay that out in some detail.

The determination of ALJ Ramos in rejecting Dr. Tallarico's opinions, which clearly would indicate plaintiff is disabled and indicating what weight to be given to that opinion, in my view does not meet the requirements of

1 *Greek*, although it is a close call. My larger concern, quite
2 honestly, is the listing 1.02. As Mr. Dolson correctly
3 points out, to ambulate effectively is specifically defined
4 in 1.00(B)(2)(b) of the regulations, and it states: To
5 ambulate effectively, individuals must be capable of
6 sustaining a reasonable walking pace over a sufficient
7 distance to be able to carry out activities of daily living.
8 And examples are given. Granted, they do include use of
9 handheld devices such as canes in both upper extremities,
10 which is not the case here, but also indicates that it would
11 include the inability to walk a block at a reasonable pace on
12 rough or uneven surfaces. And there is evidence to suggest
13 that plaintiff falls into that category. And also the
14 inability to climb a few steps at a reasonable pace with the
15 use of a single handrail. There is evidence, including
16 plaintiff's testimony, that she may not be able to do that.
17     It may well be that the Administrative Law Judge
18 rejected those provisions, those assertions as not credible,
19 but his decision really is not clear on that score. His
20 discussion of listing 1.02 is very succinct and his
21 discussion concerning credibility is similarly succinct. And
22 when you couple it with Dr. Ganesh's consultative report,
23 which does indicate significant limitations, severe
24 limitations in standing, walking and climbing, I think that a
25 fuller discussion of the listing 1.02 and whether plaintiff

can ambulate effectively is required.

So I do not find persuasive proof of disability. I think this is something that should be returned to the Agency for a better discussion of both the opinions of Dr. Tallarico and whether or not plaintiff meets or equals listing 1.02.

So I will grant judgment on the pleadings to the plaintiff without a directed finding of disability.

And I appreciate excellent presentations from both of you. This was an interesting case. I hope you have a good summer.

\*          \*          \*

C E R T I F I C A T I O N

       I, EILEEN MCDONOUGH, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I transcribed the foregoing proceedings from a digital recording, and that the foregoing is a true and correct transcript thereof.

_____
EILEEN MCDONOUGH, RPR, CRR
Official U.S. Court Reporter